# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ROBERT G. TAYLOR,                        :
                                         :
                    Plaintiff,           :
                                         :            No. 3:09cv1791 (MRK)
v.                                       :
                                         :
MICHAEL J. ASTRUE,                       :
COMMISIONER OF THE SOCIAL                :
SECURITY ADMINISTRATION,                 :
                                         :
                    Defendant.           :

## RULING AND ORDER

Currently pending before the Court is Plaintiff Robert G. Taylor's Motion for Attorney Fees [doc. # 47], pursuant to the Equal Access to Justice Act. *See* 28 U.S.C. § 2412. The Government does not contest that Mr. Taylor is the prevailing party. Nor does the Government contest that there is substantial justification for an award of attorney fees in this case. However, the Government argues in partial opposition to the pending motion that the hourly rate Mr. Taylor's attorney seeks is too high, and that the number of hours that Mr. Taylor's attorney has billed on this case is unreasonable. The Court agrees with both of the Government's arguments.

The Government challenges the hourly rates that Mr. Taylor's attorney seeks for hours he billed in 2009, 2010, and 2011. Under the Equal Access to Justice Act ("EAJA"), the maximum permissible hourly rate is $125.00, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see Cobb v. Astrue*, No. 3:08cv1130

1

(MRK), 2009 WL 2940205, at *3 (D. Conn. Sept. 2, 2009). Mr. Taylor's attorney does not rely on the presence of a special factor to justify an increase over the $125.00 per hour baseline, but rather argues that increases in the cost of living justify a uniform $180.00 per hour rate for the work he performed in 2009, 2010, and 2011. Some judges in this district regularly permit attorneys to recover fees under the EAJA at a uniform rate across multiple years. *See, e.g.*, *Lee v. Astrue*, No. 3:09cv1575 (CSH) (JGM), 2011 WL 781108, at *3 (D. Conn. Feb. 28, 2011). But this Court's usual practice is to calculate separate increases in the cost of living from year to year, awarding a different rate for each year in which an attorney worked on a particular case. *See, e.g.*, Ruling and Order Granting Mot. for Attorney Fees, *Crossman v. Astrue*, No. 3:08cv1823 (MRK) (D. Conn. Oct. 1, 2010), ECF No. 50.

In a recent case before this Court in which the plaintiff was represented by the same attorney who now represents Mr. Taylor in this case, the Government argued that the Court could award attorney fees based either on the National Consumer Price Index's U.S. City Average, or the more localized Northeast Urban Index. *See* Def.'s Resp. to Mot. for Attorney Fees, *Crossman v. Astrue*, No. 3:08cv1823 (MRK) (D. Conn. Oct. 1, 2010), ECF No. 46. The Court ultimately awarded fees to the attorney based on the Northeast Urban Index, at rates of $176.09 per hour for work he performed in 2009 and $179.09 per hour for work he performed in 2010. *See* Ruling and Order Granting Mot. for Attorney Fees, *Crossman v. Astrue*, No. 3:08cv1823 (MRK) (D. Conn. Oct. 1, 2010), ECF No. 50. The Government now argues that it is improper for this Court to rely on the Northeast Urban Index. *See* Def.'s Resp. [doc. # 28] at 3.

This Court has previously declined to decided whether the U.S. City Average or the Northeast Urban Index provides the relevant data regarding the cost of living when calculating an

EAJA attorney fee award. *See Cobb*, 2009 WL 2940205, at *3. The single district court decision that the Government relies on here, *Quint v. Barnhart*, No. 05-135-B-W, 2006 WL 1495004 (D. Me. May 25, 2006), does not bind this Court. Nor does the other district court decision that the *Quint* court relied on, *Jawad v. Barnhart*, 370 F. Supp. 2d 1077 (S.D. Cal. 2005).  It does not appear that any other court in the Second Circuit has ever cited or relied on either of those two cases. And as the Court explains below, the reasoning in those decisions is not particularly convincing.

The language of 28 U.S.C. § 2412(d)(2)(A) does not specify how district court judges are supposed to go about calculating "increase[s] in the cost of living." *Id.* The statute does not specify whether district court judges are supposed to calculate increases in the cost of living at the national level, or at the local level. *See id.* The statute does not refer to either the  U.S. City Average or the Northeast Urban Index by name. *See id.* And there is apparently no specific evidence in the statute's legislative history to indicate that *any* committee or individual representative actually considered the issue. *See Quint*, 2006 WL 1495004, at *2. The *Jawad* court considered the absence of specific evidence in the text "telling," 370 F. Supp. 2d at 1085, and the *Quint* court apparently believed that the absence of evidence in the legislative record was also telling. *See* 2006 WL 1495004, at *2. But to this Court, it simply appears that the text and the legislative record are inconclusive.

 The *Jawad* court reasoned that the phrase "*the* cost of living" must refer to a single, nationwide phenomenon in light of the fact the EAJA sets a single, nationwide baseline maximum of $125.00 per hour. 370 F. Supp. 2d at 1085 ("On its face, § 2412(d)(2)(A)(ii) generally references "*the* cost of living" not a local/regional cost-of-living."). But this Court is not so sure that either the grammatical construction of § 2412(d)(2)(A)(ii), or the fact that the $125.00 baseline maximum applies nationwide, requires that result. As a factual matter, "the cost of living" is different in

different places. In addition, there is nothing inherently inconsistent about using a nationwide baseline and adjusting that baseline by reference to more localized figures. Particularly in light of the fact that determinations regarding attorney fees under the EAJA are generally left to the discretion of district court judges, *see Pierce v. Underwood*, 487 U.S. 552, 558 (1988), this Court knows of no reason why a district court would be required to ignore potentially accurate and reliable information about the cost of living in calculating attorney fees under the EAJA.

Nevertheless, the Court need not conclusively decide which of the two indices should be used at this time. Under the circumstances of this particular case, the Court finds that Mr. Taylor's attorney will be sufficiently and reasonably compensated through adjustments based on the U.S. City Average. Of course, using that index will result in Mr. Taylor's attorney receiving compensation at a slightly lower rate than he did in the *Crossman* case. But the Government did not express a strong preference for either of the two indices in the *Crossman* case. The Court agrees with the Government that under the circumstances of this case, hourly rates of $172.50 for 2009, $175.00 for 2010, and $177.63 for 2011 are appropriate and reasonable.

The Government also contests the amount of time Mr. Taylor's attorney seeks to bill for the time he spent preparing his brief on the merits and his motion for attorney fees. The EAJA permits awards of "reasonable fees and expenses" only. 28 U.S.C. § 2412(b). It is the fee applicant's burden to demonstrate that the number of hours for which he seeks reimbursement is reasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court agrees with the Government that Mr. Taylor's attorney should not be permitted to bill 28 hours and 54 minutes for preparing a brief on the merits that was largely copied verbatim from briefs that he submitted in other Social Security cases. The Court will permit Mr. Taylor's attorney to bill 13 hours and 54 minutes for preparing that

brief.

The Court also agrees with the Government that Mr. Taylor's attorney should not be permitted to bill 4 hours and 54 minutes for the time he spent preparing his motion for attorney fees. "Where the Government concedes that the plaintiff is the prevailing party and that there is substantial justification for an award of fees, calculating the *amount* of fees is essentially a clerical task." Ruling and Order Granting Mot. for Attorney Fees, *Crossman v. Astrue*, No. 3:08cv1823 (MRK) (D. Conn. Oct. 1, 2010), ECF No. 50. Moreover, it appears that the motion for attorney fees was *also* largely copied verbatim from similar motions that Mr. Taylor's attorney previously submitted in other Social Security cases. For both of those reasons, the Court will permit Mr. Crossman's attorney to bill only one hour for the time he spent preparing the motion for attorney fees.

For the foregoing reasons, the Court finds that awards of $172.25 per hour for 9 hours and 54 minutes of work in 2009 (or $1,705.32) ; $175.00 per hour for 20 hours and 54 minutes of work in 2010 (or $3,657.50); and $177.63 per hour for 3 hours of work in 2010 (or $532.89) are reasonable. In total, the Court awards attorney fees to Mr. Taylor in the amount of $5,895.71, and costs to Mr. Taylor in the amount of $538.85. Mr. Taylor's Motion for Attorney Fees [doc. # 47] is GRANTED in that reduced amount.

IT IS SO ORDERED

/s/       Mark R. Kravitz
United States District Judge

Dated At New Haven, Connecticut: **May 9, 2011.**

5